Daly, J.
(dissenting).—The only merit in this appeal is the contention as to the propriety of charging the defendant with the whole amount of the bill of $138 rendered by Bates & Johnson for steam connections. Defendant was bound to pay plaintiff what the latter expended by his authority for such work. That there was such authority, the jury had the right to find upon the evidence. Defendant claims that there was no preponderance of proof in plaintiff’s favor on this point—that it was merely oath against oath between the parties. This is not so; the probabilities are in favor of plaintiff’s story, and that is enough to turn the scale.
• The fact that defendant made a contract directly with Bates & Johnson for other steam connections in his house for the sum of sixty-five dollars is not sufficient to warrant the inference that he had not given plaintiff authority to do the work claimed for. But defendant claims that his special contract with B. & J. covered all the steam connections in his house. It is truc that it specifies all, viz.: A radiator in front hall and connections with a pipe coil on first floor, and with radiator on the second, third and fourth floors; but it is shown in their letter (introduced in evidence by defendant) that, the charge of sixty-five dollars was for the radiator in the front hall only, and not for the other connections, as the latter were probably worth over $100; and that they were inadvertently mentioned in the estimate, having been already included in the contract with the plaintiff. It was for the jury to judge of the value of this explanation.
*150 The defendant contends that he is not liable to plaintiff for the value of the work actually done pursuant to his authority, if it be found that he gave authority to plaintiff to employ Bates & Johnson, but is liable only to the latter, plaintiff not being authorized to pay them. It,is enough to say that under the circumstances at the time the arrangement was made, viz., that Bates & Johnson were doing for plaintiff the work of making steam connection between his house and two others, including plaintiff’s, for the purpose of introducing steam into them from plaintiff’s and that the object of having B. & J. do all the work for all the parties, including what each needed in his own house, was to have it done cheaper by having it made one job, the jury were warranted in finding that the defendant understood and agreed that it was all to be included in plaintiff’s contract with B. & J., and that he was, consequently, to settle with them and charge to the others their share.
But conceding .all this to plaintiff, the evidence did not warrant a finding that defendant’s share of the expense Was $128, the sum which the jury evidently included in their verdict on this account. He was to pay only for the connections inside his own house, yet we find included-in the above sum a proportion of the expense of putting larger pipes in the plaintiff’s premises for conveying steam to the others. The arrangement as testified to by plaintiff was this: “I’ll put the pipes in through the wall, but you must put the pipes into your own place.” He was to supply steam at an annual charge and it was his business to provide pipes of capacity to convey it to his customer’s house. Bates & Johnson included in their bill a proportion of an expense which defendant was not to bear, and as they did not point out what such proportion amounted to, no part of the bill could be made the basis of a recovery against plaintiff. It is true that the witness Brinckerhoff swears that $128 was the value of the work done upon defendant’s house for introducing the steam, but he after-wards swears that in apportioning the expense between defendant and the other neighbor he took into consideration the larger heating apparatus in plaintiff’s house, and “ not simply the work upon the pipes upon the premises, but all work done for the benefit of the defendant; my estimate of $128, covered additional cost of apparatus and pipes upon Mr. Taylor’s premises.” It appears from his whole testimony that this bill of $128 was a mere estimate of the proportion that the witness thought defendant ought to pay. There is no evidence of the actual value of the work done upon defendant’s premises and for which alone plaintiff can recover.
The judgment ought to be reversed for that reason, and *151 k new trial ordered, and the proof as to this item (first and fourth causes of action), restricted accordingly.
It is proper now to dispose of certain objections to the pleadings, proofs and rulings. Defendant asked the court to compel the plaintiff to elect between his first and fourth causes of action, they being different statements of ground for the same claim. The request was refused. This was not error for which an appellate court can reverse the judgment. It is discretionary with the trial court to compel such election, and that discretion is reviewable at the general term, and a new trial will not be granted unless it clearly appears that the defendant was prejudiced. Roberts v. Leslie, 46 Supr. Ct. (J. & S.), 76.
The general term was justified in sustaining the ruling. Defendant was not prejudiced by the refusal. The first cause of action was for work, labor and services, and the fourth for moneys laid out and expended. Each was intended as a statement of a cause of action partly for the recovery of the Bates & Johnson bill. ■ The proof was under the allegations of the fourth cause of 'action, but defendant was not surprised by the proof nor in any respect injured by the rulings.
The refusal to compel the plaintiff to elect whether he would try his causes of action upon contract and his third cause of action (which defendant claimed to be for a tort), was not improper. There had been no demurrer for improper joinder of causes of action and the objection to the complaint was thereby waived. Code, section 499.
Besides, a verdict was directed in his favor upon the third cause of action for want of proof, and his costs thereon were deducted from plaintiffs recovery.
There was no substantial variance between the allegation of the second cause of action and the proof offered. The allegation was that defendant was to pay $33.33 per month for steam, hot water, etc., and the proof was an agreement to pay $400 per annum. As there was no claim for monthly instalments of $33.33 each, but for the whole sum due up to the time the service was discontinued, at the rate of $400 per annum, viz.: 166.66, the variance was immaterial.
The bill of McSorley for plumbing ($52.50), which was included in the fourth cause of action was not disputed by defendant, as far as I can gather from the case; but the question put to McSorley about it: “Whether in his judgment it was a fair distribution of the expense of introducing water into defendant’s house; was improper.”
The question should have been with regard to work actually done in the house. “Distribution of expense” was not the proper way to ascertain what defendant was hable for. The latter part of the sixth request to charge was *152 proper as well as the first part. So was the whole of the seventh and of the eighth and of the second — which needed no qualification; the evidence was conflicting on the issue as to whether defendant authorized the water to be cut off and required a submission to the jury, but the re quest to charge was proper.